BENJAMIN B. WAGNER
United States Attorney
CHRISTOPHER D. BAKER
MICHAEL G. TIERNEY
HEATHER MARDEL JONES
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff United States of America



FILED
JUL 0 7 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAMES LEE LANKFORD, <br> JON VANCE MCDADE, <br>   aka JON JON VANCE MCDADE <br><br> Defendants. | CASE NO. 1:10-CR-00398-AWI-BAM <br><br> STIPULATION AND [~~PROPOSED~~] ORDER FOR *AMENDED* PRELIMINARY ORDER OF FORFEITURE |

Based upon Fed.R.Crim.P. 32.2, the guilty pleas by defendants James Lee Lankford and Jon Vance McDade ("defendants"), the plea agreements (ECF Nos. 112 & 113), the Stipulations and Applications for Preliminary Order of Forfeiture (ECF Nos. 123-1 & 130-1) entered into between the United States of America and defendants, and the Motions to Amend the Preliminary Order of Forfeiture filed by the United States (ECF Nos. 155 & 156), the United States and defendants James Lee Lankford and Jon Vance McDade, by and through their counsel, stipulate to amend the initial Preliminary Orders of Forfeiture (ECF Nos. 126 & 132), as follows:

1.  Defendants voluntarily agree that, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 981(a)(1)(D), 982(a)(2); 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(1), all right, title, and interest in the following assets (hereafter "seized assets") shall be

*Amended* Preliminary Order of Forfeiture        1

condemned and immediately forfeited to the United States of America, to be disposed of according to law:

   a. The real property located at 527 Melrose Street, Modesto, California, Stanislaus County, APN: 111-002-041, including any right, title, and interest in the whole of any lot or tract of land any appurtenances or improvements thereon—including any marital interest, any leasehold interest, any lienhold interest, all monthly rents, all funds on account, all reserve funds, excess funds after short-sale or foreclosure, or other monies invested in, related to, or generated by the real property located at 527 Melrose Street, Modesto, California;

   b. Real property located at 762 Bayview Avenue, Pacific Grove, California, Monterey County APN:006-141-015, including any right, title, and interest in the whole of any lot or tract of land any appurtenances or improvements thereon—any marital interest, any leasehold interest, any lienhold interest, all monthly rents, all funds on account, all reserve funds, excess funds after short-sale or foreclosure, or other monies invested in, related to or generated by the real property located at 762 Bayview, Pacific Grove, California;

   c. Approximately $76,866.11 in U.S. Currency held by the Clerk of the Court, plus any interest which has or will accrue on the funds;

   d. Defendant McDade's approximately 25.221% interest in the real property located at 3216 Jonathan Lane, Modesto, California—including defendant McDade's ownership interest in any leasehold interest, lienhold interest, monthly rents, funds on account, reserve funds, or other monies invested in, related to, or generated by the real property, and including any interest, marital or otherwise, held by co-defendant Lankford;

   e. Defendant McDade's approximately 21.698% interest in the real property located at 105 Palm Parkway, Chowchilla, California—including defendant McDade's ownership interest in any leasehold interest, lienhold interest, monthly rents, funds on account, reserve funds, or other monies invested in, related to, or generated by the real property, and including any interest, marital or otherwise, held by co-defendant Lankford;

   f. Both defendant McDade's 50% interest and co-defendant Lankford's 50%, together totaling 100% interest, in six 6 burial plots at Lakewood Cemetary, Modesto, California;

   g. Any interest, marital or otherwise, in the real property located at 1944 Yellow Oak Drive, Modesto, California, 95354, APN: 034-021-054, including any leasehold interest, lienhold interest, monthly rents, funds on account, reserve funds, excess funds after short-sale or foreclosure, or other monies invested in, related to, or generated by the real property;

   h. Any interest, marital or otherwise, in the real property located at 140 Maynell, Modesto, California, 95354, APN: 111-001-059, including any leasehold

        interest, lienhold interest, monthly rents, funds on account, reserve funds, excess funds after short-sale or foreclosure, or other monies invested in, related to, or generated by the real property;

    i. Any interest, marital or otherwise, in the real property located at 1520 H Street, Modesto, California, 95354, APN: 106-007-002, including any leasehold interest, lienhold interest, monthly rents, funds on account, reserve funds, excess funds after short-sale or foreclosure, or other monies invested in, related to, or generated by the real property.

2.     The above-listed items represent property, real or personal, which constitutes, or is derived from, or is traceable to the proceeds obtained directly or indirectly from the commission of the criminal conduct, scheme, or conspiracy, or any property traceable to such property; or that is used or is intended to be used to facilitate or used commit the criminal conduct, or scheme, or conspiracy; or is involved in or intended to be involved in the criminal conduct, or scheme, or conspiracy; or any property traceable to such property; or is *sub res* in lieu of such property which cannot otherwise be located upon the exercise of due diligence, has been transferred or sold, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty.

3.     The defendants agree to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. The defendants shall not sell, transfer, convey, or otherwise dispose of any assets.

4.     The defendants agree, that should any of the above listed properties be subject to any sale or transfer prior to the issuance of the Final Order of Forfeiture, the United States, by and through the United States Attorney's Office and/or the United States Marshals Service, shall stand in the place of defendants, shall have the right to exercise all rights of ownership, including but not limited to any joint-ownership voting rights, any signatory authority, and any sale offer approval authority. Any disbursement of funds from the operation or sale of any of the above assets, shall be made to the United

*Amended* Preliminary Order of Forfeiture        3

States, and shall be included in any Final Order of Forfeiture without need to further amend the Amended Preliminary Order of Forfeiture.

5. The defendants waive the notice provisions of Fed. R. Crim. P. 7(c) and 32.2(a), and waive any defenses to forfeiture, including any defense predicated on the Ex Post Facto, Double Jeopardy, and Excessive Fines Clauses of the United States Constitution. The defendants knowingly and voluntarily waive any right to jury trial in any criminal or civil forfeiture proceeding. Further, the defendants agree not to file a claim, nor assist others in filing a claim, to any of the seized property in any criminal proceeding or civil proceeding, administrative or judicial, which is or may be initiated. The defendants also agree to waive right to notice of any forfeiture proceeding involving such property.

6. Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-listed property. The aforementioned property shall be seized and held by the Federal Bureau of Investigation and/or the United States Marshals Service, in their secure custody and control.

7. Under 18 U.S.C. § 982(b)(1) incorporating 21 U.S.C. § 853(n), and Local Rule 171, the United States shall publish notice of the order of forfeiture.

8. Notice of this Order and notice of the Attorney General's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least 30 consecutive days on the official internet government forfeiture site www.forfeiture.gov.

9. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified. This notice shall state that any person, other than the defendant, asserting a legal interest in the above-listed property, must file a petition with the Court within sixty (60) days from the first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within thirty (30) days from receipt of direct written

notice, whichever is earlier.

10. If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 982(a)(2), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(1), in which all interests will be addressed.

11. The government, in its discretion, shall conduct discovery, including but not limited to serving Interrogatories, Requests for Admissions, Requests for Production of Documents, the taking of depositions, and the issuance of subpoenas, in order to identify, locate or dispose of property subject to forfeiture in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

12. The United States agrees to accept the Financial Accounting filed by defendant Jon Vance McDade, the parties stipulate that the United States Motion to Amend the Preliminary Order of Forfeiture shall be granted, and stipulate that the presently scheduled hearing on July 7, 2014, at 10:00 a.m. before Senior District Court Judge Anthony W. Ishii, shall be vacated.

13. The parties stipulate and agree that the United States District Court shall retain jurisdiction to enforce the Amended Preliminary Order of Forfeiture and the Forfeiture Money Judgment, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated: July 3, 2014

BENJAMIN B. WAGNER
United States Attorney

/s/ Heather Mardel Jones
HEATHER MARDEL JONES
Assistant U.S. Attorney

Dated: July 3 2014

/s/ Eric Fogderude
ERIC FOGDERUDE
Attorney for Defendant Jon Vance McDade
(original signature retained by attorney)

*Amended* Preliminary Order of Forfeiture              5

Dated: July 3 2014

/s/Victor Chavez
VICTOR CHAVEZ
PEGGY SASSO
Attorneys for James Lee Lankford
(original signature retained by attorney)

IT IS SO ORDERED.

DATE: 7-7-14

ANTHONY W. ISHII
SENIOR DISTRICT COURT JUDGE

*Amended* Preliminary Order of Forfeiture           6